UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-106 |
| | ) | (PHILLIPS) |
| TONY MELVIN STAFFORD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter came before the court regarding defendant Tony Melvin Stafford's motion to continue the trial date. This defendant was previously set for a change of plea on March 28, 2006. The Government has no objection to the motion for continuance.

In support of his motion, defense counsel reports that substantial grounds exist to support the granting of this continuance which include the defendant's chronic health problems. Counsel for the Government does not object to the requested continuance.

After carefully considering the position of the parties and after reviewing this entire file, the court finds that the defendant's motion for continuance is well taken. Accordingly, the motion to continue [Doc. 74] is GRANTED and this matter is CONTINUED from March 3, 2006, to May 1, 2006 for entry of the defendant's plea and sentencing. In taking this action, the court finds that the ends of justice served by doing so outweigh the best interests of the public and this defendant in a speedy trial. *See* 18 U.S.C. Section 3161(h)(8)(A). In particular, the court finds that the failure to grant a continuance of this length would likely result in a miscarriage of justice if defense counsel is not given adequate time to explore plea negotiations, after he further investigates this case, before trial. *Id.* Finally, the court finds that the failure to grant a

continuance of this duration would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, if all these matters are not concluded well in advance of trial. *Id* Section 3161(h)(8)(B)(iv).

Thus, the court finds that the time period from the previous change of plea date (March 3, 2006) to the new change of plea/sentencing date (May 1, 2006) is fully excludable pursuant to the Speedy Trial Act.

**ENTER:**

s/ Thomas W. Phillips
UNITED STATES DISTRICT JUDGE